IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY 19 PM 2: 11

ROBERT R. DITROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

```
ELLIPSIS, INC.,                    )
                                   )
           Plaintiffs,             )
                                   )
vs.                                )        No. 03-2939-BV
                                   )
THE COLOR WORKS, INC.,             )
                                   )
           Defendants.             )
```

---

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
AND
ORDER DENYING PLAINTIFFS' MOTION TO QUASH SUBPEONA TO TAKE THE
DEPOSITION OF DAVID L. BOURLAND

---

On April 22, 2005, the defendant, The Color Works, Inc. ("TCW"), served the plaintiff, Ellipsis Inc. ("Ellipsis") with a notice of deposition and subpoena duces tecum for attorney David L. Bourland ("Bourland").  Presently before the court is the May 2, 2005 combined motion of Ellipsis requesting that the court enter a protective order providing that the deposition of Bourland not be had and that the court quash the subpoena to take the deposition of Bourland.  The motion was referred to the United States Magistrate Judge for determination.  For the following reasons, the motion for protective order is granted in part, and the motion to quash is denied.

BACKGROUND

Bourland is a licensed attorney in the State of Tennessee and

is a member of the law firm of Bourland, Heflin, Alvarez & Minor, PLC in Memphis, Tennessee. Ellipsis' trial counsel of record in this case, John J. Heflin, III and John Marshall Jones, are members of the same law firm. Bourland serves as secretary of Ellipsis Inc. and has personally prepared the corporation's tax returns. He also negotiated the license agreement between Ellipsis and Realtree Outdoor Products, Inc. that is at issue in this case. Bourland is not serving as trial/litigation counsel for Ellipsis in this matter.

TCW has noticed Bourland's deposition to obtain information regarding several issues it claims are pivotal to this case. Among other things, TCW seeks to depose Bourland regarding Ellipsis' alleged profitability. TCW also plans to ask Bourland questions concerning the existence of Ellipsis' alleged "exclusive license" with Realtree. Finally, TCW plans to ask Bourland questions about Ellipsis' corporate structure and Bourland's responsibilities as Ellipsis' corporate officer.

<u>ANALYSIS</u>

The question presented by this motion is whether it is appropriate for a party to depose "opposing counsel." The Federal Rules of Civil Procedure do not specifically prohibit the taking of opposing counsel's deposition. Indeed, Federal Rule of Civil Procedure 30(a) states that a party may take the deposition of "any

person." However, the taking of opposing counsel's deposition has been discouraged by many courts as a means of discovery. In the seminal case on the issue of deposing opposing counsel, the Eighth Circuit stated that the practice of deposing opposing counsel "disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987). Despite this view, opposing counsel is not absolutely immune from being deposed.

In *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1987), the Eighth Circuit set out a three-part test in an effort to limit the circumstances in which opposing trial counsel must submit to a deposition. The proponent of the deposition must satisfy each prong of the test before the deposition of "opposing counsel" can be taken. First, there must be no other means available to obtain the information other than to depose opposing counsel. *Id*. Second, the information sought must be relevant and non-privileged. *Id*. Finally, the information must be crucial to the preparation of the case. *Id*.

In 2002, the Eighth Circuit clarified the application of the *Shelton* test in *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (2002), where it permitted the deposition of counsel regarding a prior, completed case. The court in *Pamida* stated that "[t]he

3

*Shelton* test was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy." *Id.* at 730. The court pointed out specifically that *Shelton* "was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial." *Id.* The Eight Circuit found that the *Shelton* test did not apply to the deposition of opposing counsel with regard to discovery of information in the completed case and the *Shelton* factors need not be satisfied.   Thus, as clarified by the Eighth Circuit, the *Shelton* test applies to limit depositions of attorneys in only two instances: (1) when trial or litigation counsel are being deposed and (2) when such questioning would expose litigation strategy in the pending case. *United States v. Phillip Morris Incorporated*, 209 F.R.D. 13, 17 (D.D.C. 2002).

The *Shelton* test was adopted by the Sixth Circuit in *Nationwide Mutual Insurance Company v. Home Insurance Company*, 278 F.3d 621 (6th Cir. 2002). The court in *Nationwide*, however, did not address whether or not the three criteria set out in *Shelton* apply to every attempt to depose an attorney, regardless of the attorney's status as trial counsel or his knowledge of trial

4

strategy.  After careful consideration of the case law, this court finds the holdings in *Pamida* and *Phillip Morris* to be persuasive and concludes that the *Shelton* test should be limited to those instances where the attorney to be deposed is either trial/litigation counsel or the subject matter of the deposition may elicit litigation strategy.

In this case, it is undisputed that Bourland is not the trial or litigation counsel of record in this case.  It is also apparent that TCW's proposed line of questioning will not involve any questions which might expose Ellipsis' trial strategy.  Thus, the *Shelton* test does not apply in this case.  As such, Bourland must appear for a deposition at a time and place to be decided by TCW.

The court does foresee a potential problem with TCW's questions involving Bourland's role as the negotiator of the licensing agreement between Ellipsis and Realtree.  During these negotiations, Bourland was serving in the capacity as counsel for Ellipsis.  Any private communications between Bourland and his client regarding these negotiations would be privileged as well as any confidential tax advice he gave his client.  Therefore, TCW is instructed to limit its questioning to the areas regarding Ellipsis' tax returns, Ellipsis' corporate structure, Bourland's knowledge of the existence of an "exclusive" license agreement, and Bourland's responsibilities as a corporate officer, all of which

5

topics the court finds are relevant to the instant litigation.

Accordingly, Ellipsis' motion for protective order is granted in part and the motion to quash the subpoena is denied.

IT IS SO ORDERED this 19th day of May, 2005.


DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 135 in case 2:03-CV-02939 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Merrick L. Gross
AKERMAN SENTERFITT
1 S.E. Third Ave.
28th Floor
Miami, FL 33131--171

Megan J. Knight
AKERMAN SENTERFITT
1 S.E. Third Ave.
28th Floor
Miami, FL 33131--171

James G. Sammataro
AKERMAN SENTERFITT
1 S.E. Third Ave.
28th fl.
Miami, FL 33131

John J. Heflin
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Daniel Warren Van Horn
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

John Marshall Jones
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT