IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 16 PM 4:21

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| ELLIPSIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    03-2939 BV |
| | ) | |
| THE COLOR WORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| THE COLOR WORKS, INC., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARY ELIZABETH WADE, a/k/a | ) | |
| Elizabeth Wade, individually, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SANCTIONS
AGAINST PLAINTIFF ELLIPSIS, INC. AND PLAINTIFF'S COUNSEL

Before the court is the October 28, 2005 motion of the
defendant, The Color Works, Inc. ("TCW"), for sanctions against the
plaintiff, Ellipsis, Inc., and plaintiff's current counsel,
Shuttleworth Williams PLLC, pursuant to Rule 11, 28 U.S.C. § 1927
and the court's inherent authority. The motion also seeks
sanctions against plaintiff's former counsel, Bourland Heflin
Alvarez & Minor, PLC ("Bourland Heflin"), pursuant to 28 U.S.C. §

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-19-05



1927 and the court's inherent authority. Ellipsis and third-party defendant Mary Elizabeth Wade (collectively "Ellipsis") filed a response in opposition to the motion, which contains arguments opposing sanctions against either Ellipsis or Shuttleworth Williams. Bourland Heflin also filed a memorandum opposing the motion. The motion was referred to the United States Magistrate Judge for determination and/or a report and recommendation. For the reasons that follow, it is recommended that the defendant's motion be denied in part and that the court's resolution of Rule 11 sanctions be deferred until the end of the litigation.

### AUTHORITY OF THE MAGISTRATE JUDGE

Before addressing the substantive issues raised in the defendant's motion for sanctions, the court must first determine the scope of a magistrate judge's authority to decide a motion for sanctions. The Federal Magistrate Act of 1979 provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, [or] for summary judgment . . . ." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure authorizes a magistrate judge to enter an order only as to a pretrial matter that is "not dispositive of a claim or defense of a party." FED. R. CIV. P. 72(a). Neither the Act nor Rule 72(a) specifically gives

2

magistrate judges jurisdiction to enter orders imposing sanctions on parties or attorneys.  The Sixth Circuit has concluded that "motions for sanctions, fees and costs are *not* to be *determined* by a magistrate judge." *Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993).  *See also Bennett v. Gen. Caster Serv. of N. Gordon Co., Inc.*, 976 F.2d 995, 998 (6th Cir. 1992)(holding that the term "claim" encompasses more than the parties' substantive claims and includes claims for Rule 11 sanctions, and that an order disposing of a Rule 11 matter was a dispositive ruling). Accordingly, this court will issue a report and recommendation.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2003, Ellipsis filed this action against TCW alleging fraud, tortious interference with business relations, and violations of the Tennessee Consumer Protection Act, arising out of the marketing and selling of camouflaged face plates for cellular telephones.  Ellipsis was represented by Bourland Heflin until the court granted Bourland Heflin leave to withdraw on July 8, 2005. Ellipsis subsequently retained Shuttleworth Williams to represent it.  Shuttleworth Williams filed a notice of substitution of counsel on August 1, 2005, approximately two weeks after its initial meeting with Ellipsis.  Shortly thereafter, the discovery deadline was extended to September 30, 2005.  Rule 30(b)(6) depositions of TCW were taken within that time.  On October 28,

3

2005, TCW filed the present motion for sanctions.  On November 21, 2005, TCW filed a motion for summary judgment.  Ellipsis has not filed a response to TCW's summary judgment motion, and the time for responding has not yet expired.

ANALYSIS

TCW now seeks sanctions against Ellipsis, Shuttleworth Williams, and Bourland Heflin under Rule 11, 28 U.S.C. § 1927, and the court's inherent authority.[1]  TCW argues that these claims arise out of the failure of Ellipsis and its attorneys to conduct a proper investigation prior to filing the claim, the failure of Ellipsis and its attorneys to withdraw the suit after it was clear that the factual allegations were false, and the filing of frivolous motions by Ellipsis and its attorneys that were designed to delay the case and were denied by the court.

In support of its motion, TCW identifies ten instances where Ellipsis allegedly made "misrepresentations" to the court.  TCW claims to report the "reality" of such situations based on information it gathered during discovery.  Specifically, TCW states that, contrary to Ellipsis' allegations in its complaint: (1) Ellipsis never requested a price quote from TCW until November 2001; (2) Ellipsis was not precluded from selling face plates

---

[1] TCW does not seeks sanctions pursuant to Rule 11 with respect to former counsel Bourland Heflin.

4

during 2001 and was selling off inventory from its previous supplier; (3) TCW fulfilled all of Ellipsis' orders; (4) TCW was not responsible for Ellipsis' alleged loss of business with Wal-Mart; (5) Wal-Mart never demanded a one-year price quote from Ellipsis or discussed any interest in purchasing face plates from Ellipsis; (6) Ellipsis grossly and intentionally misrepresented the number of times in which its products appeared in Cabela's catalogs; (7) Ellipsis vastly overstated the amount of sales that it made in the past and could expect to make in the future; (8) TCW never requested that Realtree terminate its alleged exclusive contract with Ellipsis; (9) there has never been a market study which suggests 1.5 million face plates could be sold annually; and (10) Ellipsis' expert reports are based almost exclusively on unverified conjecture.

Based on TCW's discovery of such misrepresentations, which it claims that Ellipsis and its counsel knew or should have known, TCW asks the court to (1) award it attorney fees and costs, including those incurred in preparing the motion and memorandum for sanctions, and (2) enter an order striking Ellipsis' allegations that lack a sound foundation in fact or law and the claims based on those allegations. According to TCW, the court should strike paragraphs 8, 10-12, 15-19, 26, 28-30 and 34-37 of the complaint and counts 1-3 of the complaint.

A.    <u>Preliminary Arguments On The Propriety And Timing Of The</u>
      <u>Motion For Sanctions</u>

       In their responses, Ellipsis, Shuttleworth Williams, and
Bourland Heflin all state that they did not engage in sanctionable
conduct.  At the outset, however, all three argue that TCW should
have filed a motion for summary judgment instead of a motion for
sanctions because TCW's motion essentially asks the court to
determine whether the present evidence - as TCW perceives it -
supports Ellipsis' allegations.  Ellipsis points out, for example,
that Rule 11 motions "should not be employed as a discovery device
or to test the legal sufficiency or efficacy of allegations in the
pleadings; other motions are available for those purposes."  FED.
R. CIV. P. 11, Advisory Committee's Notes, 1993 Amendments.  TCW
has, in fact, recently filed a summary judgment motion.  TCW
acknowledges that the factual deficiencies set forth in the two
motions are the same.  (Reply Mem. in Supp. of Def.'s Mot. for
Sanctions Against Pl. Ellipsis, Inc. and Pl.'s Counsel at 3.)

       Ellipsis also points out that Rule 11 motions are generally
determined at the end of the proceedings.  *See Mann v. G & G Mfg.,*
*Inc.*, 900 F.2d 953, 960 (6th Cir. 1990)(citation omitted); FED. R.
CIV. P. 11, Advisory Committee's Notes, 1983 Amendments ("The time
when sanctions are to be imposed rests in the discretion of the
trial judge.  However, it is anticipated that in the case of

6

pleadings the sanctions issue [sic] under Rule 11 normally will be determined at the end of the litigation . . . ."). Although the now discarded 1983 version of Rule 11 did not specify a time for filing a Rule 11 motion, the drafters anticipated that such motions would be determined at the end of the litigation. *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997). Under the current version of Rule 11, amended in 1993, there is still no particular time designated for filing a Rule 11 motion. However, the drafters advised that, ordinarily, the motion should be filed promptly after an inappropriate pleading is filed. The drafters also recognized that in certain circumstances the motion should not be filed until there has been a reasonable opportunity for discovery. FED. R. CIV. P. 11, Advisory Committee's Notes, 1993 Amendments. Nevertheless, "[a]s under the prior rule, the court may defer its ruling . . . until final resolution of the case in order to avoid immediate conflicts of interest and to reduce the disruption created if a disclosure of attorney-client communications is needed to determine whether a violation occurred . . . ." *Id.*

While TCW has timely filed a Rule 11 motion for sanctions, it is recommended that the court defer ruling on the Rule 11 motion for sanctions until the court rules on TCW's pending motion for summary judgment or until the end of the litigation. Before Rule

11 was amended in 1993, the law in the Sixth Circuit was clear that "mere survival of a summary judgment motion . . . does not insulate the party from sanctions if it is later determined that all factual claims were groundless." *Lemaster v. United States*, 891 F.2d 115, 121 (6th Cir. 1989). *See also Mann*, 900 F.2d at 961 (recognizing that "a district court's ruling on a Rule 56 motion for summary judgment need not determine the outcome of the district court's ruling on a Rule 11 motion for sanctions."). The drafters of the 1993 version of Rule 11 recognized that if summary judgment is rendered against a party, it does not necessarily mean that the party had no evidentiary support for its position for purposes of Rule 11. FED. R. CIV. P. 11, Advisory Committee's Notes, 1993 Amendments. On the other hand, the drafters also stated that "if a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient 'evidentiary support' for purposes of Rule 11." *Id.*

Although the Sixth Circuit acknowledges that the drafters of the 1993 amendments contemplated that surviving summary judgment indicates that a party had sufficient evidentiary support for its factual allegations so as to defeat Rule 11 sanctions, the Sixth Circuit has held that litigants cannot avoid Rule 11 sanctions by using false evidence to defeat a summary judgment motion. *Union*

*Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 386 (6th Cir. 1997). At least one other court has treated the defeat of a motion for summary judgment as a factor to consider in determining whether there was evidentiary support for a claim. *Wolfinger v. Cheche*, 80 P.3d 783, 791-2 (Ariz. App. 2003)(citing *Union Planters Bank*).

As a result, it is recommended that the court defer ruling on the Rule 11 motion for sanctions until the court rules on TCW's pending motion for summary judgment or until the end of the litigation. In the event that the court wishes to rule now, however, the merits of TCW's motion for Rule 11 sanctions are discussed below.

B.  <u>Sanctions Pursuant To Rule 11</u>

TCW seeks Rule 11 sanctions against Ellipsis and its current counsel, Shuttleworth Williams. TCW charges that Ellipsis violated Rule 11 by (1) filing a complaint that contained factual allegations, claims, and damage calculations that were false, and (2) failing to withdraw such allegations, claims, and damage calculations after the close of discovery and when presented with the proposed Rule 11 motion. TCW claims that, prior to filing its complaint, Ellipsis possessed documents which showed that most of its allegations were not factually supported. Specifically, TCW claims that prior to the filing of the complaint Ellipsis knew that (1) it never requested a price quote from TCW until November 2001;

9

(2) it was selling off inventory from its previous supplier; (3) TCW fulfilled all of Ellipsis' orders; (4) TCW was not responsible for Ellipsis' alleged loss of business with Wal-Mart; (5) Wal-Mart never demanded a one-year price quote from Ellipsis or discussed any interest in purchasing face plates from Ellipsis; (6) Ellipsis grossly and intentionally misrepresented the number of times in which its products appeared in Cabela's catalogs; and (7) Ellipsis vastly overstated the amount of sales that it made in the past and could expect to make in the future. TCW also claims that Ellipsis learned additional facts during discovery that contradicted the allegations in the complaint, and yet took no corrective action. Specifically, Ellipsis learned that (1) TCW never requested that Realtree terminate its alleged exclusive contract with Ellipsis and (2) there was no market study which concluded that 1.5 million camouflage face plates could be sold on an annual basis. As to each alleged factual misrepresentation, Ellipsis has attached deposition excerpts or documents that it claims supports the falsity of each allegation.

With respect to Shuttleworth Williams, TCW charges in general terms that Shuttleworth Williams violated Rule 11 by (1) failing to appropriately investigate Ellipsis' claims, and/or (2) continuing to advance claims which it knows are baseless. TCW claims that Shuttleworth Williams would have recognized Ellipsis' claims were

frivolous if it had conducted an appropriate investigation. Although Shuttleworth Williams stated in an August 19, 2005 hearing that it had devoted 200 hours to the case, TCW contends that it would take no more than 50 hours to reveal the falsity of Ellipsis' claims.

In its response, Ellipsis denies engaging in malicious, unreasonable, dishonest or frivolous litigation. Ellipsis states that it conducted a reasonable investigation prior to filing suit and continues to investigate facts related to its claims. In an affidavit attached to the response, Wade, the principal of Ellipsis, stated that Ellipsis' investigation included speaking with potential witnesses, reviewing all pertinent documents pertaining to dealings with TCW, and conducting appropriate discovery. (Wade Aff. ¶ 5.)

Similarly, Shuttleworth Williams argues that it conducted an inquiry into Ellipsis' claims and determined that the claims were legally viable prior to filing its notice of substitution of counsel. Specifically, Shuttleworth Williams reviewed the pleadings, read the depositions that had already been taken, reviewed documents provided by its client, interviewed Ms. Wade, spoke with prior counsel, and contacted potential witnesses. (Baskette Aff. ¶ 4.) Shuttleworth Williams also states that the investigation is ongoing, as it continues to speak with various

11

witnesses.  (*Id.* at ¶ 5-6.)   Shuttleworth Williams also asserts that TCW has not deposed all of those witnesses or, to its knowledge, even spoken with some of them.   In addition, Shuttleworth Williams argues that it is not required by Rule 11 to amend pleadings, even if it determines that certain allegations cannot be proven in light of subsequent discovery.   As a result, Shuttleworth Williams argues that it did not violate Rule 11 by proceeding with discovery and prosecuting some claims, as long as it did not reaffirm or advocate positions it had learned were without merit.

Neither Ellipsis nor Shuttleworth Williams has identified any particular pieces of evidence that it believes controverts the ten "misrepresentations" alleged by TCW.   On the other hand, Ellipsis has not responded to TCW's summary judgment motion and the court has no way of knowing at this time whether Ellipsis will continue to rely on the alleged factual misrepresentations identified by TCW or pursue claims related to them.

Rule 11(c) provides that the court may impose an appropriate sanction upon attorneys, law firms, or parties that, after notice and a reasonable opportunity to respond, have violated Rule 11(b), which states:

> (b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper,

an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 11(b).   In the Sixth Circuit, the test for the imposition of Rule 11 sanctions after the 1993 amendments remains whether the individual's conduct was objectively reasonable under the circumstances. *Union Planters Bank,* 115 F.3d at 384; *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 250-51 (6th Cir. 1988) (citations omitted); *Mann*, 900 F.2d at 958 (citations omitted).

Without Ellipsis' response to the motion for summary judgment, the court cannot make a recommendation as to whether TCW's version of the facts proves that Ellipsis' claims lack evidentiary support. Although the evidence presented by TCW appears for the most part to favor TCW's position, Ellipsis and Shuttleworth Williams have not provided the court with their version of the evidence. They do,

13

however, assure the court that they are not pursuing litigation for any improper purpose, that they conducted appropriate investigations, that the claims are viable, and that they are not proceeding with any claims that they have learned are without merit. At this time, it is recommended that the court accept such assurances.

The court should do so, in part, because it appears that Shuttleworth Williams performed an investigation that was "reasonable under the circumstances" and concluded that the claims were viable. The Sixth Circuit has stated that what constitutes a reasonable inquiry depends upon factors such as the time available to the signor for investigation, whether the signor had to rely on a client for facts underlying the pleading, whether the pleading was based on a plausible view of the law, and whether the signor depended on forwarding counsel or another member of the bar. *See Century Prods., Inc.*, 837 F.2d at 250-51. *See also* FED. R. CIV. P. 11, Advisory Committee's Notes, 1993 Amendments. Here, Shuttleworth Williams had approximately two weeks between the date it was first consulted and the date it entered its notice of substitution. Under such time constraints, it conducted an inquiry into Ellipsis' claims, relying in part on extensive discussions with its client and prior counsel. On August 17, 2005, Shuttleworth Williams stated to the court that it had spent about

14

200 hours on the case since it was first consulted on July 12, 2005. Under such circumstances, Shuttleworth William's investigation appears reasonable.

In addition, Shuttleworth Williams continued to investigate Ellipsis' claims. Even if it did discover that some claims are not supported by the evidence, the court agrees with Shuttleworth Williams that Rule 11 does not require that it amend pleadings, but prohibits it from reaffirming or advocating positions that it learns are without merit. *See* FED. R. CIV. P. 11, Advisory Committee's Notes, 1993 Amendments ("[I]f evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention. Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses."). Without specific evidence that proves Shuttleworth Williams advanced one of the claims for which it knew there was no evidence, the court cannot recommend imposing sanctions on Shuttleworth Williams for continuing to advance some of Ellipsis' claims. Nor is the court willing to find that Shuttleworth Williams has advocated false claims in violation Rule 11 by filing an opposition to TCW's motion for sanctions. TCW has presented no legal authority for this position.

Accordingly, it is recommended that TCW's motion for Rule 11 sanctions against Ellipsis and Shuttleworth Williams either be denied at this time or, as discussed in Part A above, be taken under advisement by the district judge and ruled on at the time the motion for summary judgment is decided or at the conclusion of this litigation.

C.   Sanctions Pursuant To 28 U.S.C. § 1927

TCW also seeks sanctions pursuant to 28 U.S.C. § 1927 against Ellipsis, Shuttleworth Williams, and Bourland Heflin.  Section 1927 provides that: "Any attorney or other person admitted to conduct cases in any court . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927. The Sixth Circuit has held that sanctions under § 1927 are only warranted when an attorney's conduct, from an objective standpoint, "falls short of the obligations owed by a member of the bar to the court" and causes additional expense to the opposing party. *Ridder*, 109 F.3d at 298 (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).

Although TCW states that it seeks sanctions pursuant to § 1927 against Ellipsis, it only argues in its memorandum for sanctions against Ellipsis' counsel.  Even if TCW intended to seek § 1927

16

sanctions against Ellipsis, the statute only authorizes sanctions against attorneys or those admitted to practice law — not clients. *See e.g. United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991)("In contrast with sanctions under Rule 11, awards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards.")(citation omitted).  As a result, the court recommends that any motion for sanctions against Ellipsis pursuant to 28 U.S.C. § 1927 be denied.

    1.   <u>Shuttleworth Williams</u>

    TCW claims that Shuttleworth Williams should be sanctioned pursuant to § 1927 because it pursued baseless claims.  The Sixth Circuit has construed "vexatiously multiplying proceedings" to include conduct where an attorney knows or should know that a claim pursued is frivolous.  *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).  However, for the reasons stated above with respect to Rule 11 sanctions, the court recommends denying TCW's motion to impose sanctions under § 1927 for the alleged pursuit of baseless claims.

    TCW also claims that Shuttleworth Williams should be sanctioned because it filed a series of frivolous motions designed to needlessly delay the case.  TCW states that it incurred needless costs in defending against the motions.  In addition, TCW states

17

that Shuttleworth Williams violated the terms of the December 21,
2004 protective order by sharing documents with Ellipsis that were
plainly marked "Confidential Information – Counsel Only."

Shuttleworth Williams argues that it has not filed any
frivolous motions. In fact, Shuttleworth Williams filed only three
motions between entering its notice of appearance and filing its
response to the motion for sanctions. Two of those motions were
unopposed motions requesting additional time to respond to TCW's
motions. Shuttleworth Williams claims that the remaining motion,
an August 5, 2005 motion to compel and to extend the scheduling
order, was appropriate because it needed additional time to conduct
an investigation after being retained and because it believed TCW
had provided incomplete answers to some interrogatories.
Shuttleworth Williams argues that this one motion does not
constitute unreasonable and vexatious conduct that merits sanctions
under § 1927. In addition, Shuttleworth Williams notes that TCW
does not contend that it suffered any additional expense due to the
alleged violation of the protective order and, as a result, any
such action is not the type of conduct for which sanctions may be
imposed under § 1927.

Clearly, filing two unopposed motions requesting additional
time to respond does not constitute conduct worthy of sanctions
under § 1927. The court declines to find that filing the August 5,

18

2005 motion, by itself, warrants the imposition of § 1927 sanctions. Although the August 5, 2005 motion was initially denied by the court, the court later amended its order and granted a modification of the scheduling order. Shuttleworth's filing thereof simply did not multiply the proceedings unreasonably and vexatiously so as to merit sanctions.

In addition, the court agrees with Shuttleworth Williams that TCW has failed to show how any alleged violation of the protective order caused it additional expense. As a result, sanctions pursuant to § 1927 are not the appropriate remedy for any violation of the protective order. Therefore, it is recommended that TCW's motion for sanctions against Shuttleworth Williams pursuant to 28 U.S.C. § 1927 be denied.

   2.   <u>Bourland Heflin</u>

With respect to Bourland Heflin, Ellipsis' former counsel, TCW claims that it should be sanctioned under § 1927 because it filed a baseless complaint and failed to conduct a reasonable inquiry into Ellipsis' claims. TCW also claims that Bourland Heflin violated § 1927 because it maintained the lawsuit after it should have known that the claims were without merit and made no attempt to amend the complaint.

In its response, Bourland Heflin denies engaging in any

conduct that vexatiously multiplied the proceedings.[2] The
affidavit of John J. Heflin, III, states that he undertook a
detailed inquiry into the bases for Ellipsis' claims and filed the
lawsuit with the belief that testimony and documents would prove
that TCW's wrongful conduct harmed Ellipsis. (Heflin Aff. ¶ 4.)

Even if TCW prevails against Ellipsis and its allegations of
factual misrepresentations are found to be correct, it is not clear
to the court that the alleged falsity was known to Bourland Heflin
at the time the complaint was filed or that its initial
investigation of the lawsuit falls short of the standard of
attorneys practicing before this court. *See Ridder*, 109 F.3d at
298 (noting that "the mere finding that an attorney failed to
undertake a reasonable inquiry into the basis for a claim does not
automatically imply that the proceedings were intentionally or
unreasonably multiplied."). According to Heflin's affidavit, the
firm had represented Ms. Wade before and found her to be honest,

---

[2] Bourland Heflin also argues that, similar to the reasoning
of cases involving Rule 11's "safe harbor" provision, it should
not be sanctioned under § 1927 or the court's inherent authority
because it no longer has any power to cause Ellipsis to withdraw
its complaint. In *Ridder*, 109 F.3d at 297, the Sixth Circuit
stated "[u]nlike Rule 11 sanctions, a motion for excess costs and
attorney fees under § 1927 is not predicated upon a 'safe harbor'
period." The court also noted that a motion for § 1927 sanctions
could be brought after final judgment had been rendered in the
case. *Id.* This court therefore finds Bourland Heflin's argument
unpersuasive.

and the firm was satisfied that supporting documents that were not in Wade's possession could be obtained.  (Heflin Aff. ¶¶ 2 & 3.) In addition, Bourland Heflin has no knowledge of the evidence that has been developed since its withdrawal from the case.  Therefore, this court cannot recommend that the court impose § 1927 sanctions against Bourland Heflin based on its inquiry into Ellipsis' claims, its filing of the complaint, and its maintenance of the action.

TCW also asserts that sanctions are appropriate under § 1927 because Bourland Heflin (1) initially only produced a fraction of the responsive documents; (2) stalled the depositions of Keith Jennings and Ms. Wade; (3) failed to take any depositions of witnesses other than TCW's personnel; and (4) filed a series of motions that were ultimately denied.  Those motions include the Opposition to TCW's Motion for Leave to Amend its Counterclaim; the Opposition to the Magistrate's Order Granting Leave to Amend the Counterclaim; and the combined Motion for Protective Order and to Quash the Subpoena Duces Tecum directed to David Bourland.

With respect to the series of denied motions, Bourland Heflin argues that § 1927 sanctions are not determined based on whether a motion is ultimately denied.  If that was the standard, Bourland Heflin states that TCW would be subject to sanctions as well, as it has filed several motions that were denied and that had the effect of delaying the case.  In addition, Mr. Heflin states in his

21

affidavit that he never vexatiously multiplied the costs or delayed the litigation, but cooperated with opposing counsel when to do so did not prejudice the interests of his client.  (Heflin Aff. ¶ 5.)

Because TCW provides no additional information with respect to the production of documents, the stalling of the depositions, or the failure to take other depositions, the court is unable to determine that such actions were sufficiently unreasonable and vexatious as to warrant sanctions.  With respect to the motions, the court agrees with Bourland Heflin that sanctions should not be imposed upon a party merely because they filed a motion that was denied.  Upon review of the motions at issue, the court finds that Bourland Heflin's filing thereof did not multiply the proceedings unreasonably and vexatiously so as to merit sanctions.  Therefore, it is recommended that TCW's motion for sanctions against Bourland Heflin pursuant to 28 U.S.C. § 1927 be denied.

D.   Sanctions Pursuant To The Court's Inherent Authority

Finally, TCW seeks sanctions pursuant to the court's inherent authority against Ellipsis, Shuttleworth Williams and Bourland Heflin.   To award attorney fees under the court's inherent authority, the court must find that a party litigates "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421

U.S. 240, 247 (1975)).   Under this bad faith exception to the general rule that each party bears its own attorney fees, the court must find that the claims advanced were meritless, that the party knew or should have known that the claims were meritless, and that the motive for filing suit was improper, such as to harass.  *Id.* at 313 (citations omitted).

For the same reasons discussed above, the court finds that the imposition of sanctions against Ellipsis, Shuttleworth Williams, and Bourland Heflin pursuant to its inherent authority is not warranted.  Accordingly, it is recommended that the defendant's motion for sanctions against Ellipsis, Shuttleworth Williams and Bourland Heflin under the court's inherent authority be denied.

CONCLUSION

It is recommended that TCW's motion for Rule 11 sanctions against Ellipsis and Shuttleworth Williams either be denied at this time or be taken under advisement by the district judge and ruled on at the time the motion for summary judgment is decided or at the conclusion of this litigation.   It is further recommended that TCW's motion for sanctions against Ellipsis, Shuttleworth Williams, and Bourland Heflin pursuant to 28 U.S.C. § 1927 and the court's inherent authority be denied.

Respectfully submitted this 15th day of December, 2005.

Diane K. Vescovo

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

23

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 232 in
case 2:03-CV-02939 was distributed by fax, mail, or direct printing on
December 19, 2005 to the parties listed.

---

John J. Heflin
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Merrick L. Gross
AKERMAN SENTERFITT
1 S.E. Third Ave.
28th Floor
Miami, FL 33131--171

Ashley Yarnell Baskette
SHUTTLEWORTH WILLIAMS, PLLC
200 Jefferson Ave.
Ste. 1500
Memphis, TN 38103--002

Daniel Warren Van Horn
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC- Memphis
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Kenneth R. Shuttleworth
SHUTTLEWORTH WILLIAMS HARPER WARING & DERRICK
200 Jefferson Ave.
Ste. 1500
Memphis, TN 38103--630

James G. Sammataro
AKERMAN SENTERFITT
1 S.E. Third Ave.
28th fl.
Miami, FL 33131

Megan J. Knight
AKERMAN SENTERFITT
1 S.E. Third Ave.
28th Floor
Miami, FL 33131--171

John Marshall Jones
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT